UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

Bernard Bagley, # 175851,

        Petitioner,

v.

Warden of Kershaw Correctional Institution,

        Respondent.

C/A 2007-MAR-07-A04:50PMD-RSC

REPORT
AND
RECOMMENDATION

Petitioner brings this petition as a writ of habeas corpus.[1] Petitioner claims that this Court has jurisdiction over this petition under "§ 2241, Rule 60(b), Federal Rules of Civil Procedures [sic], or under CORAM NOBIS." (Pet. at 1.) Petitioner is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections. Petitioner is serving a life sentence following his conviction for murder. Since his conviction became final, petitioner has filed at least five other petitions for habeas corpus relief and numerous petitions for post-conviction relief in state court.

### Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

Petitioner alleges in this action that "[r]easonable doubt exists that [he] is not guilty of murder, and [his] liberty is at stake." (Pet. at 1.) Petitioner states that this Court has

jurisdiction over this action under 28 U.S.C. § 2241. However, habeas relief under § 2241 is unavailable to petitioner. Even though petitioner designated this pleading a 28 U.S.C. § 2241 petition, because the petitioner is in state custody pursuant to a state murder conviction, and he is attacking that state conviction, his claim properly would be brought pursuant to 28 U.S.C. § 2254.

Although 28 U.S.C. § 2254 is the appropriate vehicle for a state prisoner to challenge a state conviction, relief under this section is unavailable to this petitioner as well. "Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the AEDPA) which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

3

*In re Vial*, 115 F.3d at 1194 (footnote and citations omitted). The "gatekeeping" mechanism created by the AEDPA amended 28 U.S.C. § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996). In order for this Court to consider a second or successive § 2254 petition, petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003).

This is the sixth habeas petition filed by petitioner with respect to his state conviction.[2] Petitioner's fifth petition, filed in Civil Action Number 2:03-01678-PMD, was transferred to the Court of Appeals for the Fourth Circuit (in lieu of dismissing the petition as successive) for that Court to consider authorizing the filing of a successive petition pursuant to 28 U.S.C. § 2244(b).

---

[2] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").

4

Petitioner's request for authorization to file a successive application for relief was denied by orders of the Court of Appeals for the Fourth Circuit on October 27, 2003 and again on April 15, 2004. There is no indication that petitioner has obtained an order from the Court of Appeals for the Fourth Circuit authorizing this Court to consider this successive petition. The present petition should be dismissed as being successive without authorization to file.

Petitioner also claims that this Court has jurisdiction to grant him relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) states that a court may grant a motion for relief from judgment if the moving party can show: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed. R. Civ. P. 60(b). Petitioner does not state which part of Rule 60(b) he is relying on for relief. Petitioner fails to allege any facts to support relief pursuant to Rule 60(b). Therefore, petitioner's request for relief pursuant to Rule 60(b) should be dismissed.

Petitioner also states that this Court has jurisdiction over this matter as a writ of coram nobis pursuant to 28 U.S.C. § 1651. The ancient writ of error coram nobis, abolished in civil cases

long ago, retains a very limited role in the criminal context, in which it its available only to challenge errors of the most fundamental character. *Malave v. US*, 134 F. Supp. 2d 1019 (E.D. Wis. 2001). The writ of coram nobis may only be issued where an error of the most fundamental character compels such action to achieve justice and where no alternative remedy is available. *See United States v. Morgan*, 346 U.S. 502 (1954); *United States v. Mandel*, 862 F.2d 1067,1075 (4th Cir. 1988). This petition does not allege facts that compel extraordinary action to achieve justice. Nor does the petitioner claim that no alternative remedy is available. Additionally, five Courts of Appeals have held that coram nobis is not available in a federal court as a means of attack on a state criminal judgment. *See Obado v. New Jersey*, 328 F.3d 716 (3rd Cir. 2003); *Lowery v. Mccaughtry*, 954 F.2d 422, 423 (7th Cir. 1992); *Sinclair v. Louisana*, 679 F.2d 513, 514 (5th Cir. 1982); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962). Petitioner's request for coram nobis relief on his state court conviction for murder should be dismissed.

Petitioner states that he is challenging this Court's "previous rulings of default, successive and time barred . . . ." (Pet. at 1.) If petitioner is attempting to appeal prior decisions of this Court, this relief is unavailable through this petition.

6

Appeals of decisions rendered in this District Court are properly made to the Court of Appeals for the Fourth Circuit.

### Recommendation

Accordingly, it is recommended that the petition in this case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Respectfully submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

March 6, 2007
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).