**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Bernard Bagley, # 175851, ) | |
| ) | |
| Petitioner, ) | C.A. No.: 2:07-00425-PMD-RSC |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden of Kershaw Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Bernard Bagley ("Petitioner"), a *pro se* state prisoner serving a life sentence, seeks *habeas corpus* relief under 28 U.S.C. § 2241, Federal Rule of Civil Procedure 60(b), or under a writ of error *coram nobis*. This matter has been reviewed by United States Magistrate Judge Robert S. Carr and is currently before the court upon the Magistrate Judge's recommendation that the petition be summarily dismissed as a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). The record includes the Report and Recommendation of the Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). Petitioner Bagley has filed timely objections to the R&R.

**STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. *Id. De novo* review is unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings

1

and recommendations. *See, e.g.*, *United States v. Mertz*, 376 U.S. 192 (1964); *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)*; Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980). After a *de novo* review of the entire record, including the R&R and Petitioner's objections, the court concludes that the R&R sets forth the relevant facts and applies the correct principles of law. Accordingly, the court adopts the R&R in full into this order. As the R&R accurately sets forth the relevant factual and procedural background, the court specifically incorporates those sections without a recitation.

## **DISCUSSION**

Petitioner asserts this court has jurisdiction over his claim for *habeas corpus* under "§ 2241, Rule 60(b), Federal Rules of Civil Procedures [sic], or under a *coram nobis*." The Magistrate Judge found, however, that Petitioner failed to allege any facts that would entitle him to relief under Rule 60(b) or under a writ of *coram nobis*. (R&R at 5.) Further, because Petitioner is in state custody pursuant to a state murder conviction and is attacking the constitutionality of that state conviction, the Magistrate Judge found that the requested *habeas corpus* relief was only available, if at all, under 28 U.S.C. § 2254. (R&R at 3.) Accordingly, liberally construing Petitioner's *pro se* documents, the Magistrate Judge recommended that the petition be construed as one under 28 U.S.C. § 2254.

Petitioner has previously filed five *habeas* petitions with respect to his state conviction pursuant to 28 U.S.C. § 2254.[1] (R&R at 4.) Therefore, the Magistrate Judge found that the petition before the court is a successive *habeas corpus* petition. Under the Anti-Terrorism Effective Death

---

[1] Petitioner's fifth petition, filed in Civil Action Number 2:03-01678-PMD, was transferred to the Court of Appeals for the Fourth Circuit for that Court to consider authorizing the filing of a successive petition pursuant to 28 U.S.C. § 2244(b). The Fourth Circuit denied the request for authorization to file a successive application for relief on October 27, 2003 and again on April 15, 2004.

Penalty Act ("AEDPA"), before a second or successive *habeas corpus* application under Section 2254 is filed in the district court, the applicant must file in the court of appeals a motion for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). In this case, there is no indication that Petitioner obtained the requisite pre-filing authorization from the United States Court of Appeals for the Fourth Circuit prior to filing this successive *habeas corpus* petition. For this reason, the Magistrate Judge found Petitioner is not entitled to relief under 28 U.S.C. § 2254, and recommended that the matter be dismissed without prejudice. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner admits that he is not entitled to relief under Section 2254; however, Petitioner objects to the Magistrate Judge's finding that his petition does not state a claim for relief pursuant to 28 U.S.C. § 2241, Federal Rule of Civil Procedure 60(b), or for a writ of error *coram nobis*. The court considers these objections *de novo*.

**(1)      28 U.S.C. § 2241**

In his Objections, Petitioner explains that he filed a § 2241 instead of a § 2254 because "Section 2254 is unavailable to achieve justice in my case." (Objections at 2 - 3.) As such, because he has "no alternative remedy available to achieve justice in [his] cause," he asserts that the court should consider the petition under § 2241 on the merits. (Objections at 1.)

In his petition, Petitioner claims his state conviction for murder was secured in violation of his constitutional rights and he seeks to overturn or vacate his conviction. Petitioner is not seeking relief which is usually sought via a § 2241 petition, for example, complaints related to "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *See Manigault v. Lamanna,* 2006 WL 1328780 at 4, n. 4 (D.S.C. 2006). The United

3

States Congress created 28 U.S.C. § 2254 as the vehicle for state prisoners to use when they seek to overturn their convictions. *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997). This court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *See Lyon v. Centim ark Corp.,* 805 F. Supp. 333, 334-35 (E.D.N.C. 1992); *see also Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149 (1908). Accordingly, because Petitioner is a state prisoner seeking to overturn his state conviction, the Magistrate Judge properly construed his application as a successive 28 U.S.C. § 2254 petition. *See Edgell v. Haines,* 60 Fed. Appx. 509, 2003 WL 1871058 (4th Cir. 2003) (holding that district court properly construed state prisoner's 28 U.S.C. § 2241 application as a successive 28 U.S.C. § 2254 petition); *Moody v. Bauknecht,* 2007 WL 621980, *2 (D.S.C. Feb. 22, 2007).

Under AEDPA, Petitioner cannot bring a second or successive petition without first obtaining the permission of the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Because Petitioner has not sought or obtained leave to file a second or successive petition, the Magistrate Judge properly held that this court is without jurisdiction to entertain his claim. *See, e.g., United States v. Key*, 205 F.3d 773 (5th Cir. 2000); *United States v. Boone*, 2 Fed. Appx. 254, 2001 WL 46554 (4th Cir. 2001) (citing *Key* with approval).

    **(2)**    **Rule 60(b)**

Petitioner objects that he is entitled to relief from "scrivener's prejudicial errors" contained

in his state court commitment order under Federal Rule of Civil Procedure 60(b). Clearly, Petitioner misunderstands the import of Rule 60(b), which provides that a federal district court may provide relief from its civil judgments if the moving party shows a legally sufficient reason.[2] Rule 60(b) does *not* authorize a federal district court to provide a state prisoner with relief from a state criminal commitment order. For this reason, the court reject's Petitioner's objection.

### (3)     Writ of Coram Nobis

Finally, Petitioner objects that the Magistrate Judge erred in construing his request for a writ of error *coram nobis* as a petition pursuant to 28 U.S.C.A. § 2254. (Objections at 5.) Petitioner contends he has alleged "facts that compel extraordinary action to achieve justice." (Id.) However, the court finds the petition is properly construed as one under § 2254 because it is based on

---

[2]Federal Rules of Civil Procedure Rule 60(b) provides,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Petitioner's custody pursuant to the judgment of a state court and he alleges his conviction is in violation of the Constitution.  *See* 28 U.S.C.A. § 2254(a).  Moreover, a writ of error *coram nobis* is not available in federal court to challenge a state criminal judgment.  *Sinclair v. Louisiana,* 679 F.2d 513, 514-15 (5th Cir. 1982) (finding no jurisdiction to issue writ where federal court did not impose sentence); *Arnold v. Hoffe,* 22 Fed. Appx. 181, 182 n. 1, 2001 WL 1471735, *1 (4th Cir. 2001) (citing *Sinclair* with approval); *Younger v. Robinson,* 60 Fed. Appx. 957, 2003 WL 1913769, *1 (4th Cir. 2003) (upholding district court's order construing state prisoner's petition for a writ of error *coram nobis* as a petition filed under 28 U.S.C. § 2254 (2000), and dismissing it as untimely). For these reasons, the court rejects Petitioner's objection and adopts the recommendation of the Magistrate Judge.

## CONCLUSION

It is therefore, **ORDERED**, for the foregoing reasons, that Petitioner Bernard Bagley's petition for writ of *habeas corpus* is hereby **DISMISSED** without prejudice and without issuance and service of process for Petitioner to seek leave in the United States Court of Appeals for the Fourth Circuit to file this successive § 2254 petition.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 15, 2007.**

### NOTICE OF RIGHT TO APPEAL
Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.

7